UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X        13 cv 7072 (NRB)
JOSE BLANCO,

|  |  |
|---|---|
| **Plaintiff,** | **COMPLAINT** |
| -against- | <u>**PLAINTIFF DEMANDS**</u><br><u>**A TRIAL BY JURY**</u> |

THE CITY OF NEW YORK & POLICE OFFICER
JORGE LUIS MOREL,

                                        **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff, by his attorneys, GIORDANO LAW OFFICES, PLLC, complaining of
Defendants respectfully alleges, upon information and belief:

<u>PRELIMINARY STATEMENT</u>

        1.        Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et. seq.* for an incident of
police misconduct and deprivation of protected rights, including those rights under the Fourth
and Fourteenth Amendments to the U.S. Constitution, that transpired on or about April 23, 2013
when police officers employed by the CITY OF NEW YORK wrongfully detained, arrested and
falsely imprisoned Plaintiff JOSE BLANCO and further maliciously prosecuted Plaintiff in
Bronx County, New York.

        2.        On or about April 23, 2013 at approximately 10:00 a.m., Plaintiff appeared in Bronx
County Family Court at 900 Sheridan Avenue, Part 44, Bronx, New York for a child custody
hearing regarding the child that he has with an ex-girlfriend, Arelys Vargas (hereinafter
"Vargas").  When Plaintiff arrived at Part 44 for the hearing, Defendant POLICE OFFICER
JORGE LUIS MOREL (hereinafter "MOREL"), without probable cause or justification, arrested
Plaintiff inside of the courtroom.

3.      At the time that Defendant MOREL arrested Plaintiff, MOREL was dating Vargas, the mother of Plaintiff's child.  Vargas had previously falsely filed a Family Offense Petition against Plaintiff, claiming that he struck her in the head, on March 25, 2013, as retaliation against Plaintiff for seeking custody of their child.  Despite knowing the falsity of Vargas's claim, Defendant MOREL proceeded to arrest Plaintiff without probable cause or justification.

4.      Defendant MOREL handcuffed Plaintiff and took him to the 34th Precinct.  Plaintiff was held overnight for approximately 24 hours, causing Plaintiff physical and emotional distress, humiliation, embarrassment, and loss of employment time.

5.      Defendants then caused criminal charges to be filed against Plaintiff in Bronx County for assault and battery, and continued prosecution upon such charges until such charges were ultimately dismissed in Plaintiff's favor on July 25, 2013.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this action arises under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in the District. Additionally, all Defendants are subject to personal jurisdiction in this District and the acts complained of occurred within this District.

8.      Prior to the commencement of this action, and within ninety days after the instant claim arose, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant CITY

OF NEW YORK on June 26, 2013, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notices of Claim set forth the name and post office address of Plaintiff and his attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.  A second Notice of Claim was filed in the same manner for malicious prosecution of Plaintiff on August 7, 2013, within ninety days after the charges against Plaintiff were dismissed.

9.      Over thirty days have elapsed since the service of such Notice of Claim and the Defendant THE CITY OF NEW YORK has failed to settle or adjust this matter.

10.     This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

11.     At all relevant times, Plaintiff was and is a resident of Bronx County, New York.

12.     At all times relevant hereto, Defendant JORGE LUIS MOREL acted in his official capacity, and was an employee, agent, or servant of Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983.

13.     Defendant MOREL is an employee acting within the scope of his employment as an officer of the New York City Police Department.

14.     Defendant the CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant the CITY OF NEW YORK acted through its employees, agents and/or servants,

including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

## AS AND FOR A FIRST CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST POLICE OFFICER JORGE LUIS MOREL

15.     Plaintiff repeats, reiterates and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

16.     Defendant POLICE OFFICER JORGE LUIS MOREL, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff.  Defendant physically and forcibly detained and handcuffed Plaintiff and held him under arrest.

17.     As a result of the aforementioned occurrence, Defendant MOREL, acting under color of state law, violated 42 U.S.C. § 1983 and deprived Plaintiff JOSE BLANCO of his rights secured under the Fourth and Fourteenth Amendment of the Constitution of the United States and the Constitution and Art. 1, § 12 of the State of New York including those rights provided by the Fourth and Fourteenth amendments, the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed  by the laws and constitutions of the United States and the State of New York.

18.     As a result of the foregoing, Plaintiff JOSE BLANCO was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

19.     As a result of the foregoing, Plaintiff demands monetary damages against Defendant MOREL and is further seeking punitive damages against Defendant MOREL in an amount to be determined by a jury.

**AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. §1983 BY PLAINTIFF**

**AGAINST POLICE OFFICER JORGE LUIS MOREL**

20.      Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if more fully set forth herein.

21.      Defendant POLICE OFFICER JORGE LUIS MOREL, acting intentionally, maliciously and without justification or probable cause, caused criminal charges to be filed against Plaintiff for Assault and Battery, which were ultimately dismissed by the Bronx County Criminal Court on or about July 25, 2013.

22.      As a result of the foregoing, Defendant MOREL, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq,* and deprived Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York including those rights protected by the Fourth and Fourteenth Amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

23.      As a result of the foregoing, Plaintiff JOSE BLANCO was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

24.      As a result of the foregoing, Plaintiff JOSE BLANCO demands monetary damages against Defendant MOREL and is further seeking punitive damages against Defendant MOREL in an amount to be determined by jury.


**AS AND FOR A THIRD CLAIM OF FALSE ARREST AGAINST ALL DEFENDANTS**

25.      Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

26.     On or about April 23, 2013, Defendants, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff.

27.     As a result of the foregoing, Plaintiff was caused to suffer bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain, lost time from his employment as a result thereof, and was otherwise injured.

28.     As a result of the foregoing, Plaintiff JOSE BLANCO demands monetary damages against all Defendants and is further seeking punitive damages against Defendant MOREL in an amount to be determined by jury.

## AS AND FOR A FOURTH CLAIM OF MALICIOUS PROSECUTION
## AGAINST ALL DEFENDANTS

29.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

30.     Defendants, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument or otherwise brought criminal charges against Plaintiff who was criminally prosecuted therefore until such prosecution was terminated in his favor on July 25, 2013.

31.     As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, lost time from his employment and was otherwise injured.

32.     As a result of the foregoing, Plaintiff JOSE BLANCO demands monetary damages against Defendants POLICE OFFICER JORGE LUIS MOREL and the CITY OF NEW YORK

and is further seeking punitive damages against Defendant MOREL in an amount to be determined by jury.

## AS AND FOR A FIFTH CLAIM OF NEGLIGENT HIRING AND TRAINING AGAINST DEFENDANT THE CITY OF NEW YORK

33.     As a result of the foregoing, Plaintiff JOSE BLANCO has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

34.     Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35.     The aforementioned occurrence took place by reason of the negligence of Defendant the CITY OF NEW YORK, its agents, servants and/or employees, including various police officers regarding the hiring, retention, supervision and disciplining of the Defendant MOREL.

36.     As a result of the foregoing, Plaintiff JOSE BLANCO sustained severe and serious personal injuries and other consequential damages.

37.     As a result of the foregoing, Plaintiff JOSE BLANCO demands monetary damages against Defendants POLICE OFFICER JORGE LUIS MOREL and the CITY OF NEW YORK and is further seeking punitive damages against MOREL in an amount to be determined by a jury.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a.  Compensatory damages;

b.  Punitive damages against Defendant POLICE OFFICER JORGE LUIS MOREL;

c.  The convening and empaneling of a jury to consider the merits of the claims

herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:  New York, New York
           September 24, 2013


                                        Yours, etc.,

                                        Giordano Law Offices
                                        *Attorney for Plaintiff*


                                        By:_____
                                             226 Lenox Avenue
                                             New York, NY 10027
                                             (212) 406-9466